IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
_____
                               )
SALEH, et al.,                 )
                               )
        Plaintiffs,            )
                               )
    v.                         )    Civil Action 05-427
                               )
THE TITAN CORPORATION, et al., )
                               )
        Defendants.            )
_____)
```

## ORDER

The instant matter comes before this Court on Plaintiffs' Motion to Transfer Venue. The above captioned case was transferred to this Court from the United States District Court for the Southern District of California upon the motion of the CACI Defendants.

Plaintiffs in the instant matter are Iraqi citizens who were detained in Abu Ghraib and other Iraqi prisons under the control of the United States military. Their Complaint names as Defendants two government contractors and three employees and alleges that Defendants engaged in torture and abuse in violation of various international, federal, and state laws. On July 27, 2004, a similar Complaint was filed in the United States District Court for the District of Columbia. Ibrahim v. Titan Corp., Civil Action No. 04-01248. Plaintiffs now seek to transfer the instant matter to the United States District Court for the District of Columbia for consolidation with that case.

The decision to transfer a matter to another district is committed to the discretion of the district court. 28 U.S.C. § 1404(a) (1993), <u>In re Ralston Purina</u>, 726 F.2d 1002, 1005 (4th Cir. 1984). In ruling on a motion to transfer venue under Section 1404(a), the Court must consider the convenience of the parties and witnesses and the interests of justice. 28 U.S.C. § 1404(a).

All of the counts alleged in the <u>Ibrahim</u> Complaint are also contained in the instant Complaint. Similarly, all Defendants named in the <u>Ibrahim</u> Complaint are also named in the above captioned matter. Although the cases involve different Plaintiff detainees, they are predicated upon events occurring in the same detention facilities in Iraq and arising out of the same government contracts. They also contain similar factual allegations against identical corporate Defendants. As such, they are likely to involve similar, if not duplicative, discovery requests. Further, due to the proximity of the District of Columbia to the Eastern District of Virginia, transfer will not result in any inconvenience to the parties or witnesses nor will it impair any party's access to evidence. Finally, a motion to dismiss is currently pending before the United States District Court for the District of Columbia in the <u>Ibrahim</u> matter and consequently, that court is already intimately familiar with many of the facts and legal issues that will be determinative of the

case at bar thus increasing the judicial efficiency that will be occasioned by a transfer of venue.  Accordingly, it is hereby

ORDERED that this case is transferred to the United States District Court for the District of Columbia.

/S/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June _3__, 2005